## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## EASTERN DIVISION

CLEVERLAND MCGOWAN, # W0008                                    PLAINTIFF

VERSUS                                CIVIL ACTION NO. 4:09-cv-165-TSL-LRA

UNKNOWN REESE, et al.                                          DEFENDANTS

<u>MEMORANDUM OPINION AND ORDER</u>

Plaintiff, an inmate incarcerated in the Mississippi State Penitentiary, Parchman, Mississippi, filed this complaint pursuant to § 1983 and requested <u>in forma pauperis</u> status on December 2, 2009.  On January 4, 2010, an order [3] was entered denying the prisoner plaintiff's request to proceed <u>in forma pauperis</u> based on his "three strikes" pursuant to 28 U.S.C. § 1915(g)[1] and requiring plaintiff to pay the full filing fee, within thirty days.  The plaintiff was warned that his failure to pay the filing fee in a timely manner may result in the dismissal of this case.  Plaintiff failed to comply with this order [3].

On March 11, 2010, this court entered an order [4] directing the plaintiff to show cause why this case should not be dismissed

---

[1] Section 1915(g) states:
   In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility,  brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

for his failure to comply with the court's order [3] of January 4, 2010. In addition, plaintiff was directed to comply with this court's order [3] of January 4, 2010, by paying the filing fee of $350.00, on or before April 1, 2010. The plaintiff was warned in this court's order [4] of March 11, 2010, that failure to timely comply with the requirements of the order may result in this cause being dismissed. On April 2, 2010, plaintiff filed a response [5] to this court's order [4] stating that he had not complied with this court's order [4] because he could not pay the $350.00 filing fee at one time. Further, plaintiff argued that he should be allowed to proceed on a payment schedule because "he has stated a claim that clearly shows his rights were denied." Resp. [5], p. 2. However, plaintiff did not pay the filing fee, thereby failing to comply with this court's order [4] of March 11, 2010.

On April 20, 2010, this court entered a final order to show cause [7] directing plaintiff to show cause why this case should not be dismissed for his failure to comply with the court's orders [3,4] of January 4, 2010 and March 11, 2010. In addition, Plaintiff was directed to comply with the January 4, 2010, order [3] on or before May 10, 2010. Further, the order [7] reminded plaintiff that he may not proceed in forma pauperis based on his "three strikes" pursuant to 28 U.S.C. § 1915 (g). The order also stated that plaintiff failed to meet the exception provision of § 1915(g), therefore, he is required to pay the $350.00 filing fee

in full.

Plaintiff filed a response [8] to this court's order [7] on
May 12, 2010. Plaintiff's response again stated that he was
unable to pay the $350.00 filing fee at one time and that his
instant civil action is not frivolous or malicious and does not
fail to state a claim for which relief can be granted. This
court notes that plaintiff still does not meet any exception to
the § 1915(g) bar and is therefore required to pay the filing fee
in full. To date, plaintiff has not paid the filing fee, thereby
failing to comply with the court's orders [3, 4 & 7] of January
4, 2010, March 11, 2010 and April 20, 2010.

As explained above, plaintiff has failed to comply with
three court orders. This court has the authority to dismiss an
action for failure to prosecute and failure to comply with court
orders under Rule 41(b) of the Federal Rules of Civil Procedure
and under its inherent authority to dismiss the action sua
sponte. See generally Link v. Wabash R.R., 370 U.S. 626 (1962);
Larson v. Scott, 157 F.3d 1030 (5th Cir.1998); McCullough v.
Lynaugh, 835 F.2d 1126 (5th Cir. 1988). The court must be able
to clear its calendars of cases that remain dormant because of
the inaction or dilatoriness of the parties seeking relief, so as
to achieve the orderly and expeditious disposition of cases.
Link, 370 U.S. at 630. Such a "sanction is necessary in order to
prevent undue delays in the disposition of pending cases and to
avoid congestion in the calendars" of the court. Id. at 629-30.

The court concludes that dismissal of this action for plaintiff's failure to prosecute and failure to comply with the orders of the court under Rule 41(b) of the Federal Rules of Civil Procedure is proper. Since the defendants have not been called on to respond to plaintiff's pleading, and the court has not considered the merits of plaintiff's claims, the court's order of dismissal is without prejudice. See <u>Munday/Elkins Auto. Partners, LTD. v. Smith</u>, 201 F. App'x 265, 267 (5th Cir. 2006).

A final judgment in accordance with this memorandum opinion and order will be entered.

SO ORDERED AND ADJUDGED, this the __3rd__ day of June, 2010.

/s/Tom S. Lee
UNITED STATES DISTRICT JUDGE